IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DOLORES D. WIGGINS                                              PLAINTIFF

V.                      CIVIL ACTION NO. 2:16-CV-2002-MEF

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                  DEFENDANT

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying her claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench following the parties' oral argument, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Court finds that remand is necessary to allow the Administrative Law Judge ("ALJ") to reconsider his credibility determination. The ALJ concluded the Plaintiff exhibited a pattern of behavior for which she should be discredited, which was not based on good reasons and substantial evidence on the record as a whole. On remand, the ALJ is ordered to examine and apply the five factors from *Polaski v Heckler*, 739 F.2d 1320 (8th Cir. 1984) in light of the Plaintiff's subjective complaints and make a new credibility determination articulating any reasons for discrediting the testimony and addressing any inconsistencies.

The Court finds that the ALJ's Residual Functional Capacity ("RFC") determination was not based on substantial evidence on the record as a whole, and that the matter must be remanded for further development of the record regarding the limitations imposed by the Plaintiff's peripheral neuropathy. On remand, the ALJ is ordered to obtain a consultative examination from a neurologist, complete with an RFC assessment. The ALJ should request specific information concerning the impact of the Plaintiff's peripheral neuropathy on her ability to perform basic work activities, including her ability to sit, stand, and walk for extended periods of time, and the extent of her exertional and non-exertional limitations.

With this evidence, the ALJ shall then re-evaluate the Plaintiff's RFC and include any limitations supported by the record in an appropriate hypothetical question posed to a vocational expert to determine whether the Plaintiff can perform jobs that exist in significant numbers in the national economy.

IT IS SO ORDERED AND ADJUDGED on this the 30th day of September, 2016.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE